OPINION OF THE COURT
Allan Dixon, J.
Counsel for the respondent has moved to dismiss this paternity petition on the grounds of preclusion and collateral estoppel. He argues that the present paternity proceeding, which was based upon a petition filed by John R. Beaudoin as Commissioner of Social Services of the State of New York, County of Rensselaer, deals with the same child and issues which have already been disposed of by this court.
In 1976, Kathryn Horn gave birth to a male child, Bryan Allen Horn. Prior to the birth of this child, Kathryn Horn applied for and received public assistance from the Rensselaer County Department of Social Services. At the time of her application for public assistance, Ms. Horn alleged that the father of the child was George McBain.
On or about August 7, 1975, Ms. Horn filed a paternity petition in Rensselaer County Family Court with the assistance of the Rensselaer County Department of Social Services. Throughout this proceeding the Rensselaer County Department of Social Services provided legal counsel for *159 the petitioner. On or about December 16, 1976 a demand for a bill of particulars was served upon C. Michael Reger, counsel for Rensselaer County Department of Social Services. According to the affidavit of Mr. Reger, the Rensselaer County Department of Social Services made many and various attempts to contact Ms. Horn to have her complete the bill of particulars. On February 7,1977, the Honorable Allan Dixon signed an order precluding the petitioner from giving evidence at trial of the items in the bill of particulars unless said bill was served on the attorney for the respondent 60 days after February 3, 1977.
Counsel for the Rensselaer County Department of Social Services was unable to locate Ms. Horn and sought by order to show cause dated April 7, 1977 to discontinue without prejudice the action commenced by Kathryn Horn on the ground that the petitioner was and had been residing in the State of Arizona and was unavailable for discovery and trial. The matter came on to be heard in front of the Honorable Allan Dixon on April 21, 1977, at which time the order was entered disallowing the discontinuance of the action without prejudice and closing the case.
Kathryn Horn returned to Rensselaer County sometime during the spring of 1979. She again applied for and received public assistance from the Rensselaer County Department of Social Services. Upon her application for assistance, she assigned her support rights against George McBain to the New York State Department of Social Services and the Rensselaer County Department of Social Services pursuant to assignment No. 6173 in case No. 53672 made and acknowledged on the 15th day of May, 1979. As a result of the assignment of these rights John R. Beaudoin, as Commissioner of Social Services of the State of New York, County of Rensselaer, signed a petition on August 3, 1979 alleging that George McBain was the father of Bryan Horn born January 23, 1976.
Counsel for the Rensselaer County Department of Social Services attempts to argue that the Department of Social Services should not now be bound by the actions of Ms. Horn in the former action. He argues that to dismiss this action, based upon the order of preclusion in the previous *160 action, would eliminate the possibility of the Rensselaer County Department of Social Services or any other social service agency from ever establishing paternity of the child.
Although this court has always been a strong proponent of obtaining support from absent parents, it disagrees with the position advanced by the petitioner in this matter. To allow the matter to proceed violates the basic principles of res judicata and collateral estoppel. The real party in interest in both cases was the Rensselaer County Department of Social Services. In both actions, Ms. Horn was a recipient of public assistance and was represented by the Rensselaer County Department of Social Services. To argue that since the first action was brought in her name and the second by the Commissioner of Social Services for Rensselaer County, is one of form over substance.
To allow the Rensselaer County Department of Social Services to proceed in the second action would also allow them to avoid the order of preclusion in the first action. The courts will not countenance a subterfuge, no matter how ingenious the effort to evade the consequences of a preclusion order. (CPLR 3042; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3042:13, p 692.)
Thus, based upon the above, the petition herein is dismissed and the case closed.